# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONNA FINNERTY, Individually and as Personal Representative of the Estate of JOHN F. FINNERTY, <br><br> Plaintiff, <br><br> v. <br><br> EASTERN REFRACTORIES COMPANY, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) Civil Action No: ) ) ) ) ) ) ) |

## DEFENDANT CBS CORPORATION'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT:**

**PLEASE TAKE NOTICE** that Defendant CBS Corporation ("Westinghouse")[1] hereby files its Notice of Removal of the above-styled state civil action, removing said matter to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.

## BACKGROUND

1. Plaintiff filed the Complaint (Civil Action No. 18-2681) in the Middlesex Superior Court of Massachusetts on or about September 18, 2018. Westinghouse was served with the Complaint on September 26, 2018.

2. Plaintiff alleges therein that decedent John F. Finnerty ("Mr. Finnerty") was injured due to asbestos exposure that occurred while working as an electrician's helper at the Fore River Shipyard in Quincy, Massachusetts ("Fore River") from approximately 1959 until 1961, 1966 until 1968, and in the late 1970s; while working as an electrician's helper at the Boston Naval Shipyard

---

[1] CBS Corporation (a Delaware corporation f/k/a Viacom Inc.) is a successor by merger to CBS Corporation (a Pennsylvania corporation f/k/a Westinghouse Electric Corporation).

{K0785635.2}

in Charlestown, Massachusetts from approximately 1961 until 1964; and while working as a pipefitter at various unspecified jobsites in the Commonwealth of Massachusetts from approximately 1968 until 1972. (copy of the Complaint, attached hereto as "**Exhibit A**"). No specification was alleged in the Complaint as to the site or nature of any alleged exposure to Westinghouse-attributable asbestos.

3.  On March 20, 2019, Plaintiff served Plaintiff's Disclosure Form (copy of Disclosure Form, attached hereto as "**Exhibit B**") alleging, in relevant part, that Mr. Finnerty was exposed to asbestos associated with Westinghouse "asbestos-insulated turbines and pump equipment" at Fore River, at the Boston Naval Shipyard, and at various unspecified land-based sites. This document, by way of its assertion of exposure to Westinghouse asbestos-insulated turbines at the Boston Naval Shipyard, provided Westinghouse its first clear and unequivocal notice that Plaintiff was alleging that Mr. Finnerty was exposed to asbestos from turbines which Westinghouse supplied to the United States Navy.

4.  This Notice of Removal has thus been filed, in accordance with 28 U.S.C. §1446(b), within thirty (30) days of Westinghouse's first notice that one or more claim being stated against it in this case involved alleged asbestos exposures arising from Westinghouse's conduct while "acting under" the Navy and, thus, as discussed further below, fall within the jurisdictional scope of 28 U.S.C. § 1442(a)(1).

**FEDERAL OFFICER REMOVAL IS APPROPRIATE UNDER 28 U.S.C. §1442(a)**

5.  The basis for this removal is that this action involves a person, *i.e.*, Westinghouse, who – in relation to one or more of the claims being stated against it – **"**acted under" the authority, direction and control of an officer or agency of the United States for purposes of 28 U.S.C. § 1442(a)(1), and who can state at least a colorable federal law-based "government contractor" defense to those claims.

6. Westinghouse respectfully requests an opportunity to respond more fully in writing to any motion for remand in this case, but offers the following statement and citations to authority at this time in satisfaction of its obligation under 28 U.S.C. § 1446 to provide a short and plain statement of the legal and factual basis for its removal.

7. Removal is appropriate under 28 U.S.C. § 1442(a)(1) whenever it is shown that: 1) the defendant is a person who acted under the direction of a federal officer; 2) the defendant has asserted at least a colorable federal law-based defense to the plaintiff's claims; and 3) a "causal nexus" exists between the plaintiff's claims and the actions taken by the defendant under color of its federal office.  See, *e.g.*, *Mesa v. California*, 489 U.S. 121 (1989); *O'Connell v. Foster Wheeler Energy Corp.*, 544 F. Supp. 2d 51, 53 (D. Mass. 2008).

8. As a corporation, Westinghouse is a "person" for purposes of § 1442(a)(1).  See, *e.g.*, *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1181 (7th Cir. 2012); *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 135-36 (2d Cir. 2008); *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999).

9. In all relevant aspects of its design, manufacture, and supply of turbines and turbine-related equipment to the Navy for use aboard Navy vessels such as those constructed or repaired at the Boston Naval Shipyard (including any warnings or other written materials to be furnished therewith), Westinghouse was acting under the detailed direction and control of one or more federal officers.

10. More specifically, such equipment was designed, manufactured, and supplied according to precise, detailed specifications (or "MilSpecs") which were promulgated and/or heedfully approved by the Navy and which, at all times relevant to this case, specifically and expressly dictated the use of asbestos-containing gaskets and asbestos-containing thermal

insulation materials with all Navy turbines, including any Westinghouse turbines allegedly encountered by Mr. Finnerty at the Boston Naval Shipyard. Notably, the Navy required the use of such asbestos-containing components despite the fact that it was, at all times relevant to this case, independently aware of asbestos-related health hazards.

11. Navy engineers collaborated with engineers employed by the Navy's equipment suppliers (such as Westinghouse) to design a propulsion system for a ship or class of ships. Moreover, Navy officers, including Navy officers in residence in Westinghouse's manufacturing facilities, undertook ongoing and detailed oversight of the manufacture of Westinghouse's Navy equipment, enforcing strict compliance with the Navy's MilSpecs and other Navy directives. In particular, all materials used in the manufacture of Westinghouse's Navy equipment – including any asbestos-containing materials – were analyzed and approved by the Navy, Finally, Westinghouse's Navy equipment was subjected to various tests and trials supervised by the Navy before it was approved for use on Navy vessels.

12. The Navy's detailed and ongoing oversight extended to any warnings or other written materials (*i.e.,* markings, information plates, or technical manuals) to be furnished with Westinghouse's Navy equipment. All such written materials were likewise governed by the Navy's MilSpecs, and were carefully examined and approved by Navy officers to ensure full compliance therewith. In particular, Westinghouse was prohibited from providing any equipment-related warning that had not been reviewed and expressly approved by Navy officers.

13. In sum, no material aspect of the design, manufacture, and/or supply of Westinghouse's Navy equipment (and of any warnings or other written materials to be supplied therewith) escaped the close control of the Navy and its officers, who retained "final say" authority in all such regard. In light of these facts, numerous courts have held that Westinghouse was "acting

under a federal officer" in its design, manufacture, and supply of its Navy equipment. See, *e.g.*, *Ruppel*, 701 F.3d at 1181; *Mannix v. CBS Corp.*, 2019 WL 145547 at *4 (D.R.I. Jan. 9, 2019); *Kraus v. Alcatel-Lucent*, 2018 WL 3585088 at *3 (E.D. Pa. July 25, 2018); *Donohue v. CBS Corp.*, 2017 WL 5713222 at *2 (S.D.N.Y. Nov. 27, 2017); *French v. A.W. Chesterton Co.*, 2016 WL 6649281 at *3 (N.D. Ohio Nov. 10, 2016); *Esser v. CBS Corp.*, 2016 WL 452309 at *6 (D. Del. Feb. 5, 2016); *Laurent v. City of New Orleans*, 2014 WL 5410654 at *3 (E.D. La. Oct. 23, 2014); *Commardelle v. Pennsylvania General Ins. Co.*, 2014 WL 1117969 at *3-4 (E.D. La. Mar. 28, 2014); *Shepherd v. Air & Liquid Sys. Corp.*, 2012 WL 5874781 at *8-9 (D.R.I. Nov. 20, 2012); *Vedros v. Northrop Grumman Shipbuilding*, 2012 WL 3155180 at *6 (E.D. Pa. Aug. 2, 2012); *Najolia v. Northrop Grumman Ship Sys.*, 883 F. Supp. 2d 646, 653-54 (E.D. La. 2012); *Morgan v. Bill Vann Co.*, 2011 WL 6056083 at *3, n.3 (S.D. Ala. Dec. 6, 2011); *Kite v. Bill Vann Co.*, 2011 WL 4499345 at *4 (S.D. Ala. Sept. 29, 2011); *Dupre v. Todd Shipyards Corp.*, 2011 WL 4551439 at *6 (E.D. La. Sept. 29, 2011); *Ellis v. Pneumo Abex Corp.*, 798 F. Supp. 2d 985, 990 (C.D. Ill. 2011); *Corley v. Long-Lewis, Inc.*, 688 F. Supp. 2d 1315, 1334-35 (N.D. Ala. 2010); *Allen v. CBS Corp.*, 2009 WL 4730747 at *2 (D. Conn. Dec. 1, 2009); *Mitchell v. AC&S, Inc.*, 2004 WL 3831228 at *2 (E.D. Va. Dec. 15, 2004); *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695, 700-01 (S.D. Tex. 2002); *Carter v. ACandS, Inc.*, 2002 WL 31682352 at *4-5 (E.D. Tex. 2002); *Crocker v. Borden, Inc.*, 852 F. Supp. 1322, 1326 (E.D. La. 1994); *Pack v. ACandS, Inc.*, 838 F. Supp. 1099, 1103 (D. Md. 1993); *Fung v. Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992). Westinghouse submits that these authorities have properly interpreted and applied 28 U.S.C. § 1442(a)(1) and that a similar ruling would be appropriate in this case in the event Plaintiff seeks to remand this matter to state court.

14. It is "axiomatic" that, if a defendant has been sued for asbestos-related injuries purportedly arising from or relating to equipment that it manufactured and supplied to the United States Navy under the Navy's detailed direction and control, that defendant has been sued in relation to conduct under color of its federal office, satisfying the "causal nexus" requirement. *See, e.g.*, *Madden*, 205 F. Supp. 2d at 701-02. Accordingly, numerous courts have likewise held that Westinghouse satisfies 28 U.S.C. § 1442(a)(1)'s "causal nexus" test as to asbestos-related claims arising from its design, manufacture, and supply of its Navy equipment. See, *e.g.*, *Ruppel*, 701 F.3d at 1181; *Kraus*, 2018 WL 3585088 at *3; *Donohue*, 2017 WL 5713222 at *3-4; *French*, 2016 WL 6649281 at *4; *Laurent*, 2014 WL 5410654 at *3; *Shepherd*, 2012 WL 5874781 at *8-9; *Vedros*, 2012 WL 3155180 at *8; *Kite.*, 2011 WL 4499345 at *4; *Dupre*, 2011 WL 4551439 at *6; *Ellis*, 798 F. Supp. 2d at 990; *Corley*, 688 F. Supp. 2d at 1334-35; *Allen*, 2009 WL 4730747 at *2-3; *Mitchell*, 2004 WL 3831228 at *5; *Madden*, 205 F. Supp. 2d at 701-02; *Crocker*, 852 F. Supp. at 1327.

15. As to the question of a colorable federal-law based defense, Westinghouse hereby asserts a government contractor defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988) in that: 1) it designed, manufactured, and supplied the Navy equipment at issue in this case (and all associated warnings or other writings) in accordance with "reasonably precise specifications" promulgated or heedfully approved and adopted by the Navy; 2) the Westinghouse Navy equipment (and associated writings) conformed with those specifications; and 3) at all times relevant to this suit, the Navy was independently aware of potential health hazards associated with asbestos exposure. Once again, numerous courts considering the propriety of the removal of asbestos-related claims (including failure-to-warn claims) involving Westinghouse's Navy equipment have found that Westinghouse can, accordingly, state at least a colorable government

contractor defense in relation to such claims. See, *e.g.*, *Ruppel*, 701 F.3d 1t 1183-86; *French*, 2016 WL 6649281 at *4; *McMann v. Air & Liquid Sys. Corp.*, 2014 WL 1794694 at *4-6 (W.D. Wash. May 6, 2014); *Commardelle*, 2014 WL 1117969 at *5-6; *Willis v. Buffalo Pumps, Inc.*, 2013 WL 1316715 at *3 (S.D. Cal. Mar. 29, 2013); *Shepherd*, 2012 WL 5874781 at *8-9; *Vedros*, 2012 WL 3155180 at *7; *Najolia*, 883 F. Supp. 2d at 657-58; *Morgan*, 2011 WL 6056083 at *6; *Kite*, 2011 WL 4499345 at *4; *Dupre*, 2011 WL 4551439 at *7; *Corley*, 688 F. Supp. 2d at 1334; *Allen*, 2009 WL 4730747 at *5; *Mitchell*, 2004 WL 3831228 at *4; *Crocker*, 852 F. Supp. at 1327; *Pack*, 838 F. Supp. at 1103.

16. In sum, and consistent with the short and plain statement of the law and facts offered herein, this Court has original jurisdiction over the subject matter of this suit under 28 U.S.C. § 1442(a)(1) given that Westinghouse was acting under an officer or agency of the United States relative to one or more of the claims stated against it and can state at least a colorable federal law-based defense to said claim or claims.

17. As noted above, while Westinghouse offers this statement to satisfy its obligation as a removing defendant under 28 U.S.C. § 1446(a) to provide a short and plain statement of the legal and factual basis for removal, it reserves the right, and requests an opportunity, to respond more fully in writing to any motion for remand in this case, and to supplement the record with affidavits, declarations, and/or MilSpecs supporting the assertions of fact stated herein.

18. A properly removed case cannot be remanded for discretionary or policy reasons such as allegedly related state court cases or a contention that judicial economy compels remand. 28 U.S.C. § 1447(c); *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976).

19. Westinghouse is not required to notify, or obtain the consent of, any other defendant to this action in order to remove this entire suit pursuant to 28 U.S.C. § 1442(a)(1). *See, e.g.*, *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Ely Valley Mines v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965); *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962).

20. Westinghouse has attached those documents required by 28 U.S.C. § 1446(a), the Local Rules of this Court, and/or the Massachusetts Superior Court Rules and Massachusetts Rules of Civil Procedure.

21. In compliance with 28 U.S.C. § 1446(d), Westinghouse will promptly provide written notice of this Notice of Removal to all adverse parties, and, promptly after the filing of this Notice of Removal, will file a copy thereof with the Clerk of the Middlesex Superior Court of Massachusetts.

WHEREFORE, PREMISES CONSIDERED, Westinghouse, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action from the Middlesex Superior Court of Massachusetts on this 18th day of April, 2019.

> Defendant,
> CBS CORPORATION, A DELAWARE
> CORPORATION, F/K/A VIACOM, INC.,
> SUCCESSOR BY MERGER TO CBS
> CORPORATION, A PENNSYLVANIA
> CORPORATION, F/K/A WESTINGHOUSE
> ELECTRIC CORPORATION
>
> */s/ Anthony M. Moccia*
> Anthony M. Moccia, BBO# 350225
> ECKERT SEAMANS CHERIN & MELLOTT, LLC
> Two International Place, 16th Floor

>Boston, MA 02110
>(617) 342-6800
>(617) 342-6899
>amoccia@eckertseamans.com

## **CERTIFICATE OF SERVICE**

I, Anthony M. Moccia, hereby certify that on April 18, 2019 a copy of the foregoing *Notice of Removal* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated below. Parties may access this filing through the Court's CM/ECF System.

>*/s/ Anthony M. Moccia*
>Anthony M. Moccia